

916 Prince Street, Suite 107
Alexandria, Virginia 22314
703.835.9085 – Tel.
703.997.7665 – Fax

www.gurapllc.com

September 25, 2017

The Hon. Lyle W. Cayce
Clerk, United States Court of Appeals
 for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

    Re:   *Mance* v. *Sessions*
           U.S. Court of Appeals, 5th Cir., No. 15-10311

           Response to Appellants' Fed. R. App. P. 28(j) letter re:
           *United States* v. *Focia*, __ F.3d __, 2017 WL 3880733,
           2017 U.S. App. LEXIS 17180 (11th Cir. Sept. 6, 2017)

Dear Mr. Cayce:

    It is not exactly true that "*Mance* concluded that § 922(a)(5) regulates activity protected by the Second Amendment." *Focia*, slip op. at 32. Although *Mance* concluded that commercial firearm transactions implicate the Second Amendment, it concluded nothing about Section 922(a)(5), a mere licensing provision not here at issue. Unlike Mr. Focia, Appellees *do not* challenge the licensing of firearms sales.

    Beyond misdescribing *Mance*, *Focia* only asserted, but failed to explain, its disagreement. Indeed, on the question of the Second Amendment's application to firearm sales, *Focia* is unreasoned. Including the decision below, *Focia* failed to address significant contrary precedent relating to Second Amendment rights in firearm sales, Appellees' Br. 24-27; *e.g. Jackson* v. *City & Cnty. of San Francisco*, 746 F.3d 953, 967 (9th Cir. 2014); *United States* v.

Mr. Cayce
Page Two

*Marzzarella*, 614 F.3d 85, 92 n.8 (3d Cir. 2010);[1] and the rebuttable nature of presumptions, Appellees' Br. 28-29.

Critically, *Focia* failed to address—and conflicts with—*Nat'l Rifle Ass'n of Am., Inc.* v. *Bureau of Alcohol, Tobacco, Firearms & Explosives*, 700 F.3d 185 (5th Cir. 2012). In *NRA*, this Court upheld a Section 922(b) regulation only at step two—suggesting that the Second Amendment secures commercial firearm transactions, and that not *all* commercial regulations are "longstanding."

However this Court may decide this case, it merits more discussion than *Focia*'s cursory dismissal. The opinion below is serious, as were *NRA* and the growing number of decisions undertaking a Second Amendment analysis with respect to commercial restrictions. Indeed, Appellants noted that the Ninth Circuit is considering the issue *en banc*. Letter, Jan. 5, 2017.

Long before *NRA*, this Court had rejected *Focia*'s dismissive approach to Second Amendment questions. For decades, courts rubber-stamped an unexamined "collective rights" reading of the Second Amendment. But the Supreme Court vindicated this Court's groundbreaking treatment of the issue in *United States* v. *Emerson*, 270 F.3d 203 (5th Cir. 2001), which *seriously* examined the question and determined that the Second Amendment secures an individual right unconnected to militia duty. The arguments here, too, merit thoughtful consideration.

                                    Sincerely,

                                    /s/ Alan Gura

                                  Alan Gura
                                  Counsel for Plaintiffs-Appellees

---

[1] *Focia* cited *Marzzarella* on a different point.

Certificate of Compliance

    This letter complies with the word count limitation of Fed. R. App. 28(j), as its body contains 350 words as automatically totaled by WordPerfect X5.

                        /s/ Alan Gura
                        Alan Gura

Certificate of Service

    On this, the 25th day of September, 2017, I electronically filed the attached Letter with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in this appeal are registered CM/ECF users who will be served by the CM/ECF system.

    I declare under penalty of perjury that the foregoing is true and correct.

                        /s/ Alan Gura
                        Alan Gura